UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH GRANT,

               Plaintiff,

- against -

P.O. DANIEL JASINSKI, Tax No. 926991,
P.O. ROBERT LUCKERT, Shield No. 31654
and THE CITY OF NEW YORK,

               Defendants.
------------------------------------------------------------X

11 CV 6004 (SJ)(RML)

AMENDED COMPLAINT
AND JURY TRIAL
DEMAND

      Plaintiff, JOSEPH GRANT, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331,1343 and 1367.

      4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks damages for malicious prosecution.

## VENUE

      5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, JOSEPH GRANT, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. DANIEL JASINSKI, Tax No. 926991 (hereinafter "JASINSKI") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. ROBERT LUCKERT, Shield No. 31654 (hereinafter "LUCKERT") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. The individual defendants are sued in their individual capacities.

12. On or about March 4, 2011, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim, setting forth the time, place, nature and manner in which said claim arose.

13. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of

said claim. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about September 15, 2010, at approximately 2:30 P.M., plaintiff, while lawfully operating his motor vehicle on Hempstead Avenue, near its intersection with 223rd Street, in the County of Queens, City and State of New York, was pulled over by an unmarked New York City Police Department motor vehicle.

16. The individual defendants hereto were present in the aforementioned Police Department motor vehicle.

17. The driver of the aforementioned Police Department motor vehicle, upon information and belief defendant JASINSKI, directed plaintiff to step out of his motor vehicle.

18. Plaintiff complied with the aforementioned order and was immediately very tightly handcuffed by defendant JASINSKI.

19. The motor vehicle that plaintiff was driving at the aforementioned time and place was a 1999 Infiniti that plaintiff had purchased in the State of New Jersey.

20. Prominently displayed in the rear window of the aforementioned motor vehicle was a New Jersey twenty-day non-resident temporary registration with an expiration date of October 20, 2010.

21. The individual defendants commenced to improperly, illegally and unconstitutionally conduct a search of the interior of plaintiff's vehicle.

22. Specifically, the individual defendants lifted up manila folders and a leather zippered portfolio that was lying in the back seat of plaintiff's motor vehicle.

23. While conducting the aforementioned search as hereinabove described, the individual defendants noticed underneath the aforementioned manila folders and leather portfolio, a New Jersey temporary registration certificate for a 2003 Buick, which was lying face down.

24. Defendant JASINSKI improperly turned over and examined the aforementioned registration certificate and then, without any probable cause for doing so whatsoever, accused plaintiff of having altered the numbers on the registration for the Buick.

25. One of the individual defendants also illegally, improperly and unconstitutionally opened and searched plaintiff's vehicle's glove compartment, improperly removing a gold Cross pen therefrom.

26. While one of the individual defendants was conducting the aforementioned improper search of the glove compartment, the other individual defendant illegally, improperly and unconstitutionally took possession of plaintiff's cellular telephone and illegally, improperly and unconstitutionally scrolled through its memory.

27. One of the individual defendants illegally, improperly and unconstitutionally opened and searched the trunk of plaintiff's vehicle.

28. Following the aforementioned search, plaintiff was placed inside the individual defendants' Police Department motor vehicle and was driven around by them for approximately ninety minutes before he was finally taken to the stationhouse of the 105th Precinct.

29. During the entire ninety minutes in which plaintiff was confined to the rear seat of the aforementioned Police Department motor vehicle, he complained several times to the individual defendants about the tightness of the handcuffs.

30. The individual defendants failed and refused to loosen plaintiff's handcuffs in any manner.

31. After being confined to the stationhouse of the 105th Precinct for approximately two hours, the individual defendants transferred plaintiff to Queens Central Booking.

32. Plaintiff appeared before a judge of Criminal Court of the City of New York, County of Queens at approximately 11:00 P.M. and was arraigned and charged with one count of possession of a forged instrument in the third degree, an A misdemeanor; operation of an unregistered motor vehicle; operation of a motor vehicle without a certificate of inspection; and operation of an uninsured motor vehicle. The three last-named offenses are violations of the New York Vehicle and Traffic Law.

33. Plaintiff was released on his own recognizance at approximately 11:00 P.M.

34. Plaintiff appeared in Criminal Court four times on the aforementioned charges.

35. On December 6, 2010, all of the aforementioned charges against plaintiff were dismissed and sealed.

36. The individual defendants violated plaintiff's right to be arrested only with probable cause, to not be subjected to excessive force or to an unreasonable search and to have his personal effects be secure, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, without any cause or provocation whatsoever, they falsely arrested him; very tightly handcuffed him; searched his vehicle without a warrant, probable cause or reasonable suspicion; removed a gold Cross pen from his glove compartment and maliciously prosecuted him.

37. Because of the aforementioned acts committed by the individual defendants, plaintiff suffered a deprivation of his rights to be arrested only with probable cause, to not be subjected to excessive force or an unreasonable search and to have his personal effects be secure, all guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of his liberty and property, suffered physical injury, lost time and income from his employment and incurred legal expenses.

38. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT JASINSKI
## and THE CITY OF NEW YORK
### (Malicious Prosecution)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" hereinabove as if more fully set forth at length herein.

40. On or about September 15, 2010, defendant JASINSKI maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously arresting him and charging him with the crime of possession of a forged instrument in the third degree and the violations of operation of an unregistered motor vehicle, operation of a motor vehicle without a certificate of inspection and operation of an uninsured motor vehicle.

41. Defendant JASINSKI was without probable cause to arrest plaintiff for the offenses he charged him with.

42. On or about December 6, 2010, all charges against plaintiff were dismissed in Criminal Court of the City of New York, County of Queens.

43. At the time defendant JASINSKI falsely and maliciously caused the aforesaid prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

44. By reason of the prosecution maliciously commenced against plaintiff by defendant JASINSKI, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was deprived of his liberty, was forced to defend himself in a criminal proceeding, lost time and income from his employment and incurred legal expenses.

45. As a result of the prosecution maliciously commenced against plaintiff by defendant JASINSKI, while he was acting within the scope of his employment by defendant THE CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant JASINSKI.

WHEREFORE, plaintiff, JOSEPH GRANT, demands judgment against defendants, P.O. DANIEL JASINSKI, Tax No. 926991, P.O. ROBERT LUCKERT, Shield No. 31654 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants; and

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant JASINSKI.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
June 5, 2012

*[signature]*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
File No. 2188